■ In the Matter of the Estate of Rosa Cella, Deceased. Louise La Grutta et al., Respondents; C. Leo Calarco, as Executor of Rosa Cella, Deceased, Appellant.— Order made on April 17, 1968 unanimously affirmed with $50 costs and disbursements to respondents. The opinion of the Surrogate effectively and correctly establishes that the first and second defenses set forth in the answer of the executor present no triable issue in the light of the facts set forth on the motion for summary judgment. Similarly, the third defense (*res judicata* and estoppel) has no merit. It should be noted that counsel for all parties, on argument of the appeal, agreed that the judgment mentioned therein has been fully paid. Concur — Stevens, P. J., McGivern, Nunez, Rabin and Bastow, JJ.

■ Meka H. Stafford et al., as Trustees Under the Will of William S. Stafford, Deceased, Appellants, v. Stafford-Reeves, Inc., Respondent-Appellant, and Leon Juster, Respondent.— Order entered September 6, 1968, unanimously modified, on the law, to reinstate plaintiffs' causes of action and to vacate judgment entered thereon and to deny defendant's motion to dismiss and, as so modified, affirmed, with costs to plaintiffs-appellants to abide the event. The record on this application reveals several factual questions which preclude the granting of summary judgment. Among these are the true nature of the assignment of the so-called royalty agreement, whether outright or as security, and, if the latter, whether the debt secured has been paid. As to the first of these questions, defendant's contention that facts antedating the 1946 assignment are not material is erroneous. Furthermore, the restriction on corporate directors to bind the corporation by agreements which transfer the management of corporate affairs outside the corporation has no application to the issues presented here. Concur — Stevens, P. J., Eager, Nunez and Steuer, JJ.